UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-CR-00002 |
| ) | Judge Campbell |
| GRANVILLE LAMAR PILLOW, ) | |
| ) | |
| Defendant. ) | |

CONSENT PRELIMINARY ORDER OF FORFEITURE

Based on the Indictment and the representations and agreements of the United States of America and Defendant Granville Lamar Pillow in this matter, as evidenced by the plea agreement and the factual basis thereof and the consent of the Defendant at the plea hearing, the Court finds as follows:

On April 24, 2023, the United States of America filed an Indictment charging the Defendant with a violation of 18 U.S.C. §§ 922(g)(1) and 924.

Pursuant to Fed. R. Crim. P. 32.2 and 18 U.S.C. § 924(d)(1) by 28 U.S.C. § 2461(c), the Forfeiture Allegation of the Indictment gave notice that upon conviction of Count One as alleged in the Indictment, Defendant shall forfeit his interest in any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1) and 924, including a Taurus, Model: The Judge, .45/.410 caliber pistol and related ammunition and a Smith & Wesson, Model 39-2, 9mm caliber pistol related ammunition (collectively "Subject Property").

Defendant had notice of the intent of the United States to forfeit the Subject Property and has had an opportunity to be heard on this matter.

On December 5, 2023, Defendant entered a plea of guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924, and the Court has accepted the plea of guilty and reserved acceptance of the Plea Agreement until sentencing, which is currently set for April 5, 2024.

There is a preponderance of the evidence that the Subject Property is subject to forfeiture because it consists of firearms and ammunition involved in or used in a knowing violation of 18 U.S.C. § 922(g)(1) and 924.

Accordingly, IT IS HEREBY ORDERED:

    A.    A Consent Preliminary Order of Forfeiture — extinguishing Defendant's interest in the Subject Property and vesting it in the United States — is hereby taken against the Defendant. The Subject Property shall be seized by the Attorney General (or his designee) and shall be turned over by any property custodian in possession thereof to the Attorney General (or his designee).

    B.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Consent Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the Judgment in a Criminal Case, specifically or by reference herein.

    C.    Upon entry of this Consent Preliminary Order of Forfeiture, the Attorney General (or his designee) shall commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order, in accordance with Fed. R. Crim. P. 32.2.

    D.    Pursuant to 21 U.S.C. § 853(n), any person or entity, other than the above-named Defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of their alleged interest in the Subject Property. The hearing shall be held before the court alone, without a jury.

E. If no third-party files a timely claim, this Consent Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

F. Any petition filed by a third-party asserting an interest in the Subject Property shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

G. Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that such discovery is necessary or desirable to resolve factual issues.

H. Pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided by 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
United States District Court Judge